UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILAL SABUR | : | CIVIL ACTION NO. 3:CV-18-0828 |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| ROBIN LUCAS, Grievance Coordinator, *et al*, | : | FILED SCRANTON |
| | : | OCT 15 2018 |
| Defendants | : | PER _____ DEPUTY CLERK |

## MEMORANDUM

Plaintiff, Bilal Sabur, an inmate currently confined in the State Correctional Institution, Dallas, Pennsylvania ("SCI–Dallas"), filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are Robin Lucas, SCI-Dallas Grievance Coordinator and Matthew Slivinski, Esquire. Subsequent to the filing of his complaint, Sabur submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915. The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. §1915A(a). For the reasons that follow, the complaint will be dismissed, *sua sponte*, for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I. STANDARDS OF REVIEW

The legal standard for dismissing a complaint for failure to state a claim

pursuant to §1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B) ). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 Fed.Appx. 454, 456 (3d Cir. 2009) (citing *Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008) ). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action,

2

supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by *[Bell Atl. Corp. v.] Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. See also *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted) ). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2) ). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its

3

judicial experience and common sense." Id.

## II. **Factual Allegations**

Plaintiff states that "during the course of time, 9-15-2015 through 4-1-2-16, Robin Lucas were contacted by Matthew Slivinski, Esq., Plaintiff's Post Conviction counsel to set up a phone conference," and "Robin Lucas never set up a phone conference until after the due date of which the post conviction relief act were due." (Doc. 1, complaint). Plaintiff claims that "as a result, the post conviction were denied." Id. Additionally, he claims that Defendants, "Matthew Slivinski, Plaintiff's counsel, never visit, nor adequately communicated with the Plaintiff to properly prepare additional grievances to the court, breached his contract" and "denied the Plaintiff meaningful access to the court by failure to subpoena additional witnesses for the initial review collateral proceeding, in violation of the United States Constitution." Id.

Thus, Plaintiff files the instant action in which he requests "that the Court grant [his] appellate rights be reinstated for the initial damages" and compensatory and punitive damages for "denial of access to the courts and breach of contract." Id.

## III. **Discussion**

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of

4

action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (holding if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). *See also Hughey v. SEPTA-Se. Pennsylvania Transportation Auth.*, 712 F. App'x 214, 216 (3d Cir. 2018); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

The statute of limitations for claims brought pursuant to 42 U.S.C. §1983 is subject to the statute of limitations applicable to personal injury tort claims in the state in which such a claim arises. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009). Plaintiff's claim arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two-year statute of limitations for personal injury actions. *42 Pa. Cons. Stat. §5524(2).*

The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action. *See Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003); *Genty v. Resolution Trust*

*Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). The date on which a prisoner action is commenced is the date on which the complaint is delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date). Some courts have extended the *Houston* doctrine to consider the date a prisoner signed the pleading as the date he officially handed it to prison officials. *See Henderson v. Frank*, 155 F.3d 159, 163–64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).

Plaintiff's cause of action accrued "during the course of time, 9-15-2015 through 4-1-2016." (Doc. 1, complaint). Plaintiff signed his complaint on April 12, 2018. Id. Thus, it is evidence from the face of the complaint that the claims are barred by the two-year statute of limitations, having been filed eleven days after the statute of limitations expired. As such, the Court will dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915A, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114

6

(3rd Cir.2002). Based on the Court's analysis herein, we conclude that amendment would be futile. As such, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and 28 U.S.C. §1915A, for failure to state a claim upon which relief may be granted, and the case will be closed.

An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Judge